**FIRST NATIONAL BANK OF LULING,**
Texas, et al., Appellants,

v.

George V. NUGENT et ux., Appellees.

No. 14294.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 4, 1964.

Rehearing Denied Dec. 2, 1964.

Denver E. Perkins, Gonzales, M. K. Bercaw, Freer, Edwin P. Slater, Luling, for appellants.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellees.

BARROW, Justice.

This is an appeal by The First National Bank of Luling, Texas, and Clarence Doyle, trustee under a deed of trust, from a judgment permanently enjoining them from attempting to collect or foreclose a note and deed of trust owned by the Bank, which had been executed by appellees, George V. Nugent and wife, Myra June Nugent, and further nullifying and canceling said note and deed of trust.

On June 27, 1957, appellees executed the note, hereinafter referred to as the "house note," in the principal sum of $7,500, to finance the construction of a house, and

secured same by a deed of trust on a two-acre tract of land located in Duval County, Texas. The note was assigned to the Bank and regular monthly payments of $94.95 were made on the note through the month of January, 1963. No further payments were made, and on April 30, 1963, appellees brought this suit whereby they asserted that the house note had been released by a written agreement of November 16, 1962. Appellant Bank by counter-claim denied that this note was released and prayed for a judicial foreclosure of its lien.

This appeal is determined by a construction of the agreement. The trial court construed the agreement as releasing the house note, and entered judgment for appellees. In our opinion the agreement is not subject to this construction.

The agreement was entered into by and between George V. Nugent as purchaser, and H. M. Ainsworth, H. M. Ainsworth, Jr., and Dulce Oil Company as sellers. At that time, Nugent and his father, L. V. Nugent, and the Ainsworths, jointly owned all the stock in three corporations, to-wit: J. D. Well Service Co., Seven Sisters Machine & Supply Co., and Dulce Oil Co. A controversy developed between said parties and the agreement of November 16, 1962, was executed after a day-long discussion between George V. Nugent and his attorney, on the one hand, and the Ainsworths and two attorneys representing them, on the other hand.

The terms of this agreement, as material to this suit, are that the Ainsworths and Dulce Oil Company, as sellers, agreed to convey to Nugent, as purchaser, all their stock in J. D. Well Service Co., and Seven Sisters Machine & Supply Co., together with all the assets of Dulce Oil Company, except the cash on hand and in its bank account. Purchaser agreed to give Dulce Oil Company a 1/8th overriding royalty interest in all producing properties and further agreed to convey all his stock in Dulce Oil Company to Ainsworths. As further consideration, Purchaser agreed to pay $20,000 cash, and to pay five specifically designated notes which had been executed by one or more of the corporations or the owners thereof and which were then the subject matter of four pending suits. Two of these notes were payable to appellant Bank, and one of the pending suits had been brought by it.

The house note was not specifically mentioned in the agreement, but appellees assert that it was released by paragraph II (H) of the Agreement.[1] In addition, paragraph XXIII provides: "This Agreement covers, includes and settles all agreements and controversies by and between the parties whether herein mentioned or not."

Appellant Bank was not a party to the above agreement, although it did execute a supplemental agreement which provides: "THE FIRST NATIONAL BANK OF LULING, Texas, has read and understands

---

1. "H. Purchaser shall pay the sum of $1,636.45 in full payment of all of the accrued interest, attorneys fees and court costs in connection with all promissory notes, suits, causes of action, liabilities and controversies presently existing or on file between George V. Nugent, L. V. Nugent, J. D. Well Service, Inc., and Seven Sisters Machine and Supply, on one hand, and H. M. Ainsworth, H. M. Ainsworth, Jr., Dulce Oil Company and First National Bank of Luling, Texas, on the other hand, or between any of them individually, and in consideration of which H. M. Ainsworth, H. M. Ainsworth, Jr. and Dulce Oil Company will release or cause to be released, dismiss or cause to be dismissed, with prejudice, any and all suits filed by any of them and any and all notes and obligations so paid under the terms of this agreement, together with all chattel mortgages, deeds of trust and liens presently existing on properties owned by George V. Nugent, L. V. Nugent, J. D. Well Service, Inc., Seven Sisters Machine and Supply, and any properties being transferred pursuant to this agreement, and in a like manner, George V. Nugent will release or cause to be released, dismiss or cause to be dismissed, with prejudice, any and all suits filed by himself against any of the aforementioned parties."

the above and foregoing Agreement by and between George V. Nugent and H. M. Ainsworth, Et Al, and agrees to dismiss any and all suits on file by First National Bank of Luling against George V. Nugent or L. V. Nugent or both at the time of the closing as specified in said Agreement." This supplemental agreement was executed by H. M. Ainsworth as Chairman of the Board of said Bank.

It is seen that the only affirmative obligation assumed by the Bank in the supplemental agreement was to dismiss any suit filed by it. No suit was then pending on the house note and it was not in default until more than two months later. Appellees assert that since Ainsworth was the executive officer of the Bank and his family owned 60% of the stock, the agreement was made by him on behalf of the Bank. The agreement does not so recite and no attempt was made by appellees to reform the agreement.

The fact that the Bank agreed that it had read and understood the agreement adds nothing to its covenants. The house note was not mentioned in the agreement, although five notes were specifically described. Paragraph II (H) recites that "Purchaser shall pay the sum of $1,636.45 in full payment of all of the *accrued interest, attorneys fees* and *court costs* in connection with all promissory notes, suits, causes of action, liabilities and controversies presently existing or on file between George V. Nugent, L. V. Nugent, J. D. Well Service, Inc., and Seven Sisters Machine and Supply, on one hand, and H. M. Ainsworth, H. M. Ainsworth, Jr., Dulce Oil Company and First National Bank of Luling, Texas, on the other hand, or between any of them individually, * * *." (Emphasis ours.) An exhibit was introduced by one of the attorneys who represented Ainsworth in the preparation of the agreement, which showed the computations which were the basis of this amount. These computations, which were not challenged, did not include the house note.

Paragraph II (H) further provides that in consideration of the payment of said sum by Purchaser, "H. M. Ainsworth, H. M. Ainsworth, Jr., and Dulce Oil Company will release or cause to be released, dismiss or cause to be dismissed, with prejudice, any and all suits filed by any of them and any and all notes and obligations so paid under the terms of this agreement, together with all chattel mortgages, deeds of trust and liens presently existing on properties owned by George V. Nugent, L. V. Nugent, J. D. Well Service, Inc., Seven Sisters Machine and Supply, and any properties being transferred pursuant to this agreement, * * *." It is seen that the Bank agrees to do nothing by this covenant.

It is therefore our opinion that, under the plain and unambiguous language of the agreement, the Bank did not covenant to release the house note or the deed of trust securing same. Furthermore, we cannot construe the general terms "all notes and obligations" contained in Par. II (H), and the general statement contained in Par. XXIII into a release of all obligations owed by appellees, including the unmentioned house note owed the Bank. Even assuming that the Bank adopted all covenants of the agreement, the parties by setting forth and describing with particularity the five notes, excluded the unmentioned house note under recognized rules of construction.

The maxim "expressio unius est exclusio alterius" applies in this situation and forbids a construction of these general terms to include the house note. This rule is stated in 17A C.J.S. Contracts, § 312, as follows: "* * * the expression in a contract of one or more things of a class implies the exclusion of all not expressed, even though all would have been implied had none been expressed." This maxim is recognized in Texas. Hegar v. Tucker, Tex.Civ.App., 274 S.W.2d 752, writ ref. n. r. e.; Tower Corp. v. Morris, Tex.Civ.

App., 153 S.W.2d 654, wr. ref. w. o. m.; 13 Tex.Jur.2d, Contracts, §§ 139, 140.

The judgment of the trial court is reversed and the cause remanded for entry of judgment of foreclosure on appellants' deed of trust.